IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JACK SIMANTOB,<br><br>Plaintiff,<br><br>vs.<br><br>MULLICAN FLOORING,<br><br>Defendant, | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:09CV379DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff Jack Simantob's Motion for Leave to File an Amended Complaint to Add Additional Parties and Causes of Action. The motion is fully briefed and neither party has requested a hearing. The court does not believe that a hearing would significantly aid in its determination of this motion. Having fully considered the motion, memoranda, and exhibits submitted by the parties and the facts and law relevant to this motion, the court enters the following Memorandum Decision and Order.

## BACKGROUND

Plaintiff brought this action relating to the sale of hardwood flooring originally in State court against only Mullican Flooring. Plaintiff's original Complaint asserted causes of action for breach of implied warrant of merchantability and fitness for particular use, breach of contract, products liability, and negligence.

Defendant removed Plaintiff's Complaint to this court on April 29, 2009. The court entered a Scheduling Order requiring motions for leave to file amended pleadings and the joinder

of parties by October 3, 2009. Plaintiff timely filed the present motion to amend on October 2, 2009.[1]

Plaintiff's proposed Amended Complaint seeks to add several new Defendants, including BLC Management Corporation, DLM Holdings, Inc., B.A. Mullican Lumber and Manufacturing Company, and Derr Flooring. Derr Flooring is the distributor of Mullican Flooring, who distributed and sold the wood flooring at issue in the case, and the remaining proposed Defendants are alleged to be parent corporations of Mullican Flooring. In addition to adding new Defendants, Plaintiff also seeks to add a cause of action alleging deceptive unfair trade practices, misrepresentation, fraud and concealment, and a cause of action alleging violation of the Uniform Commercial Code.

## DISCUSSION

**A. Motion to Amend**

Rule 15 governs the amendment of pleadings and states that when leave of court is necessary "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Courts have held that refusing leave to amend is rare and generally only justified upon a "showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). The "court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment."

---

[1] Defendant takes issue with the propriety of Plaintiff's motion because his counsel failed to attach a copy of the proposed Amended Complaint as an exhibit to the motion. Plaintiff's counsel, however, recognized the error and corrected it. In addition, Defendant timely received a copy of the proposed Amended Complaint and suffered no prejudice as a result of the mistake. The court finds no basis for striking or denying the motion on these grounds.

*Bauchman v. West High School*, 132 F.3d 542, 562 (10th Cir. 1997).

### 1. Request to Add Defendants

Defendant objects to the addition of its parent companies as Defendants stating that Plaintiff's only grounds for such addition is that he does not know who manufactured the allegedly defective flooring. The manufacturer of the flooring was not provided in Defendant's initial disclosures, but in opposition to the present motion, Defendant has submitted the Declaration of Neil G. Poland, Defendant's President, which outlines the corporate structure and identifies the manufacturer of the flooring at issue as an Indonesian company, PT. Tirta Mahakam Resources Tbk. Based on the Declaration, it is clear that Defendant's parent companies were not involved in the design, manufacture, supply, marketing, or sale of the flooring at issue, and the manufacturer of the flooring is an entity unrelated to Defendant. Accordingly, the court concludes that there is no basis for adding the parent companies of Defendant as Defendants in this action.

Defendant has not asserted any objections to Derr Flooring being added as a Defendant. Because of Derr's potential role in selling the flooring to Plaintiff, the court grants Plaintiff's motion to amend to add Derr Flooring. Plaintiff's motion to amend is also granted to the extent that it more specifically identifies Defendant Mullican Flooring as Mullican Flooring L.P.

### 2. Request to Add Claims

Defendant first objects to Plaintiff's additional proposed claims on the grounds that such claims are merely duplicative of other causes of action already stated in Plaintiff's original Complaint. *See, e.g., Jova v. Smith*, 2009 WL 3068223, *1 (2d Cir. Sept. 28, 2009). Defendant also contends that granting leave to amend the Complaint to add these claims would be futile because they are subject to dismissal.

To support his Fifth Cause of Action for deceptive unfair trade practices, misrepresentation, fraud, and concealment, Plaintiff relies on evidence submitted in Defendant's initial disclosures that Neil Wenger of Mullican Flooring alleges that he "emailed a copy of Mullican's Light Commercial Warranty to Mike [apparently the salesman] and also had a sample of the Ridgecrest sent to his customer, Sy Simatob." Plaintiff claims that if this representation is false, it is either a fraudulent misrepresentation or negligent misrepresentation.

Plaintiff's claims, however, do not contend that this statement was made to him in connection with the sale of the flooring. Plaintiffs claims cannot be based on representations made during the litigation process. The interaction between an employee of Defendant and Plaintiff would need to have occurred prior to the bringing of the lawsuit, in connection with the sale of the hardwood flooring. Defendant's response or defenses to Plaintiff's claims during the litigation cannot form the basis for misrepresentation or fraud claims.

Plaintiff also alleges that a basis for the Fifth Cause of Action is that the conditions which trigger Mullican's warranty disclaimers and exclusions are concealed inside the wrapped packages of the flooring. While the court believes that this could provide a basis for asserting a violation of the Utah Consumer Sales Practices Act, it does not provide a basis for asserting misrepresentation or fraud. This allegation does not contend that the warranty was not provided or misrepresented, only that it was allegedly intentionally hidden for some commercial advantage. Plaintiff has not met his burden of pleading any of the fraud-based claims with particularity as required by Rule 9 of the Federal Rules of Civil Procedure.

Accordingly, the court denies Plaintiff's request to add claims for fraud, fraudulent misrepresentation, negligent misrepresentation, and fraudulent concealment. The court, however, will allow Plaintiff to proceed with a claim under the Utah Consumer Sales Practices

Act. At this stage of the litigation, the court does not see a basis for dismissal of such a claim and it believes that Plaintiff should have an opportunity to conduct discovery on the claim. In addition, while the court views Plaintiffs new claims for violation of the Uniform Commercial Code to be essentially duplicative of his previous Uniform Commercial Code claims, the court finds no prejudice to Defendant in allowing such claims to be more fully set forth and allows Plaintiff to assert such claims. Plaintiff shall file an Amended Complaint consistent with this court's rulings within ten days of the date of this order.

**B. Discovery Deadline**

Given the court's ruling allowing Plaintiff to add Derr Flooring as a Defendant and to assert a new claim under the Utah Consumer Sales Practices Act, the court grants the parties an extension of the fact discovery deadline to March 26, 2010. The current deadline of January 22, 2010 is clearly inadequate. Such an extension does not appear to impact other deadlines already set forth in the current Scheduling Order. While the extension shortens the period of time between the deadline for fact discovery and the deadlines for expert discovery and dispositive motions, the court does not believe it impacts those deadlines significantly. If the addition of Derr Flooring as a Defendant requires more substantial changes to the current Scheduling Order, the court directs the parties to meet and submit an amended scheduling order once Derr Flooring has entered the case.

**C. Diversity Jurisdiction**

The addition of Derr Flooring as a Defendant in this action potentially impacts this court's subject matter jurisdiction over the case. This case involves no federal causes of action and was removed by Defendant solely on the basis of diversity jurisdiction. The Amended Complaint identifies Plaintiff as an individual doing business in Salt Lake City, Utah, Defendant

Mullican Flooring L.P. as a Delaware Limited Partnership, and Defendant Derr Flooring merely as the distributor of Mullican Flooring. The Amended Complaint, therefore, is devoid of the requisite jurisdictional information for Derr Flooring.

If the addition of Derr Flooring destroys the diversity of citizenship between the parties, jurisdiction will not exist and this court will be required to remand the case to state court. According to 28 U.S.C. § 1447(c), "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

While the court recognizes that Plaintiff is not the party that sought to be in federal court, Plaintiff must allege sufficient jurisdictional facts in his Complaint from which the court may make the necessary determinations with respect to subject matter jurisdiction. Plaintiff, therefore, must include this information for Derr Flooring in the Amended Complaint that he is required to file within ten days of the date of this Order.

## CONCLUSION

Based on the above reasoning, IT IS ORDERED that Plaintiff's Motion for Leave to File an Amended Complaint is GRANTED IN PART AND DENIED IN PART as stated above. Plaintiff shall file an Amended Complaint consistent with the court's ruling, and including the necessary jurisdictional information for Defendant Derr Flooring, within ten days of the date of this Order. The current fact discovery deadline is extended to March 26, 2010.

DATED this 14th day of January, 2010.

_____
DALE A. KIMBALL
United States District Judge