# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JACK SIMANTOB,<br><br>      Plaintiff,<br><br>vs.<br><br>MULLICAN FLOORING, L.P.,<br>DERR FLOORING COMPANY,<br><br>      Defendants, | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:09CV379DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendants' Motion for Judgment on the Pleadings, seeking to dismiss the causes of action for punitive damages and breach of contract. A hearing on the motion was held on June 10, 2010. At the hearing, Plaintiff was represented by Elizabeth Knowlton, and Defendants were represented by Jeffrey C. Miner. The court took the matter under advisement. The court has considered carefully the motion, memoranda, and other materials submitted by the parties, as well as the relevant facts and law. Now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

Plaintiff, Jack Simantob, does business in Salt Lake City, Utah. Defendant, Mullican Flooring, L.P., is a Delaware limited Partnership doing business in the State of Utah who designs, engineers, manufactures, supplies, and advertises wood flooring. Defendant, Derr Flooring Company, is incorporated in the State of Pennsylvania and is a distributor of Mullican.

On April 15, 2008, Plaintiff entered into a written sales contract with J&S Designer Flooring, a retailer, for the sale of wood flooring. J&S ordered the flooring from Defendant Derr, who then ordered it from Defendant Mullican. After installation, the wood flooring sheared and pulled away from the plywood core.

Plaintiff originally brought his complaint in state court against only Defendant Mullican. He pleaded causes of action for (1) breach of implied warrantees of merchantability and fitness for a particular purpose, (2) breach of contract, (3) products liability, and (4) negligence. On April 29, 2009, Defendant Mullican removed the complaint to this court. On October 2, 2009, Plaintiff timely moved to amend his complaint to add additional parties and causes of action for fraud, fraudulent concealment, fraudulent misrepresentation, negligent misrepresentation, unfair or deceptive trade practices under the Utah Consumer Sales Practices Act ("UCSPA"), a violation of the Utah Uniform Commercial Code ("Utah UCC"), and exemplary damages.

On January 14, 2010, this court granted in part and denied in part Plaintiff's motion. Plaintiff was granted leave to add Derr as a defendant, a claim under the UCSPA, and claims under the UCC. The court did not grant Plaintiff leave to proceed with claims for fraud, fraudulent misrepresentation, negligent misrepresentation, and fraudulent concealment. The order did not expressly grant leave or deny the addition of a cause of action for exemplary damages.

On January 19, 2010, Plaintiff filed his first amended complaint, which alleges causes of action for: (1) breach of the implied warranties of merchantability and fitness for a particular purpose; (2) breach of contract; (3) products liability; (4) negligence; (5) deceptive unfair trade practices, and violation of the UCSPA; (6) violation of the UCC; and (7) exemplary damages. On February 3, 2010 Defendant Mullican filed a Motion for Judgment on the Pleadings

specifically seeking an order from this court to dismiss the causes of action for punitive damages and breach of contract. On June 1, 2010, Defendant Derr joined in the motion.

## DISCUSSION

### Defendants' Motion for Judgment on the Pleadings

Defendants have filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), specifically seeking to dismiss the causes of action for punitive damages and breach of contract. The standards which govern a motion under Rule 12(c) are the same as those which govern a motion under Rule 12(b)(6). *See Atl. Richfield Co. v. Farm Credit Bank*, 226 F.3d 1138, 1160 (10th Cir. 2000). When considering a motion for judgment on the pleadings, the court must draw all reasonable inferences and view the facts presented in the light most favorable to the non-moving party. *Park Univ. Enterprises, Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006). The motion should not be granted unless the moving party has clearly established that there is no material issue of fact and the moving party is entitled to judgment as a matter of law. *Id.*

I. **Defendants seek dismissal of Plaintiff's request for punitive damages on several grounds.**

First, Defendants argue that Plaintiff was not granted leave by the court to include punitive damages in his amended complaint. A party may amend its pleading after 21 days of service "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 12(c). "Generally speaking, an amendment that has been filed or served without leave of court or consent of the defendants is without legal effect." *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998).

However, Rule 12(c) also provides that "[t]he court should freely give leave when justice so requires." Although the court's order on January 14, 2010 did not expressly grant or deny

3

Plaintiff's request to add punitive damages to his complaint, this court has significant discretion to allow it at this time.

> [S]ome courts have held that an untimely amended pleading served without judicial permission may be considered as properly introduced when leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change. Permitting an amendment without formal application to the court under these circumstances is in keeping with the overall liberal amendment policy of rule 15(a) and the general desirability of minimizing needless formalities.

*Hoover v. Blue Cross & Blue Shield of Alabama*, 855 F.2d 1538, 1544 (11th Cir. 1988).

In *Hoover*, the appellate court held that the district court acted properly in treating the amended complaint as a nullity because the new complaint added new theories of liability, and the delay in asserting the additional claims was without excuse. *Id*. The present case, however, differs from *Hoover* because Plaintiff's motion to amend was filed in a timely manner. His request to add punitive damages was not expressly denied. Furthermore, allowing Plaintiff to proceed with his request does not result in prejudice to Defendants since no new theories of liability are asserted, only potential remedies.

Second, Defendants argue that Plaintiff has inappropriately pleaded a separate, independent cause of action for punitive damages. The Utah Supreme Court held that "punitive damages cannot be pleaded as an independent cause of action. As a remedy, it must be requested in conjunction with a cognizable cause of action." *Norman v. Arnold*, 57 P.3d 997, 1001 (Utah 2002). However, an inappropriately pleaded request for punitive damages as an independent cause of action is not dispositive of dismissal. In *Norman*, even though the request for punitive damages was pleaded independently, the court allowed the request for punitive damages because it could be tied to another claim. *Id*. at 1006.

While Plaintiff's request for punitive damages is located under its own subtitle in a manner similar to the other independent causes of action in the amended complaint, a reading of the subsequent paragraphs under the "Exemplary Damages" section shows that Plaintiff intended to make the request in connection with the other causes of action. Paragraph 42 specifically mentions the Utah UCC and UCSPA. Plaintiff also asks for punitive or exemplary damages as to "all causes of action." If another cause of action in Plaintiff's amended complaint can serve as a basis for punitive damages, this court will allow Plaintiff to proceed with a request for punitive damages under those claims.

Finally, Defendants argue that punitive damages are not available under the UCSPA or the Utah UCC. Punitive damages are recoverable only when expressly authorized by statute. *Adkins v. Uncle Bart's, Inc.*, 1 P.3d 528, 537 (Utah 2000). Plaintiff contends that punitive damages are authorized by Utah Code Ann. § 78B-8-201(1)(a)[1] and connected with Plaintiff's causes of action for negligence, product liability, deceptive trade acts under the UCSPA and Utah UCC, and breach of good faith and fair dealing. The court, therefore, will analyze whether Plaintiff may seek punitive damages under these causes of action.

First, ordinary negligence will not support a request for punitive damages. However, gross negligence manifesting a knowing and reckless indifference toward the rights of others will. *Smith v. Fairfax Realty, Inc.*, 82 P.3d 1064 (Utah 2003); *Diversified Holdings, L.C. v. Turner*, 63 P.3d 686, 699 (Utah 2002); *see also* Utah Code Ann. § 78B-8-201(1)(a) (2010). In this case, Plaintiff alleges that Defendant Mullican's attempted disclaimer of warranties, regarding the conditions required for installation, was concealed inside the wrapped pallets of

---

[1] Section 78B-8-201(1)(a) provides that "Except as otherwise provided by statute, punitive damages may be awarded only if compensatory or general damages are awarded and it is established by clear and convincing evidence that the acts or omissions of the tortfeasor are the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others."

5

flooring. Plaintiff further states that as of February 18, 2010, when his memorandum in opposition to the motion was written, he had not received an answer from Defendant Mullican in response to his discovery requests. The court concludes that because additional evidence could potentially support a finding of gross negligence, Plaintiff's request for punitive damages in connection with his negligence claim should not be dismissed at this time.

The Utah Product Liability Act does not expressly address the issue of punitive damages. It provides: "No dollar amount shall be specified in the prayer of a complaint filed in a product liability action . . . The complaint shall merely pray for such damages as are reasonable in the premises." Utah Code Ann. § 78B-6-704 (2010). Since further discovery could show that punitive damages are reasonable, this court will allow Plaintiff to proceed with his request for punitive damages in connection with his cause of action for products liability.

The UCSPA does not provide for punitive damages. It specifically limits the potential recovery as follows: "[a] consumer who suffers loss as a result of a violation of this chapter may recover, but not in a class action, actual damages or $2,000, whichever is greater, plus court costs." Utah Code Ann. § 13-11-19 (2010). As a matter of law, Plaintiff may not request punitive damages in conjunction with his claims under the UCSPA.

The Utah UCC specifically prohibits punitive damages "except as specifically provided in this title or by other rule of law." Utah Code Ann. § 70A-1a-305 (2010). Plaintiff points to § 78B-8-201(1)(a) as the "other rule of law." However, a tort is a prerequisite for recovery under this section. Therefore, as a matter of law, Plaintiff cannot seek punitive damages for deceptive trade practices under the Utah UCC alone.

Finally, a breach of good faith and fair dealing gives rise to a contract claim, not a tort. "The general rule is that punitive damages cannot be awarded for a breach of contract." *Norman*

*v. Arnold*, 57 P.3d 997, 1006 (Utah 2002). "Where an independent tort is committed in the context of the performance or breach of a contract, punitive damages may be recovered together with compensatory damages for that tort." *Cook Assocs., Inc. v. Warnick*, 664 P.2d 1161, 1167 (Utah 1983). Thus, as a matter of law, Plaintiff may not request punitive damages in connection with a cause of action for breach of good faith and fair dealing. Such a claim must be in connection with a separate tort claim.

Therefore, Defendants' Motion for Judgment on the Pleadings seeking to dismiss Plaintiff's request for punitive damage is granted in part and denied in part. This court will allow Plaintiff to proceed with his request for punitive damages under his causes of action for negligence and products liability. However, Plaintiff may not proceed with his request for punitive damages for deceptive trade acts under the UCSPA and the Utah UCC, and breach of good faith and fair dealing.

**II.     Defendants seek dismissal of Plaintiff's cause of action for breach of contract.**

Defendants next ask the court to dismiss Plaintiff's breach of contract cause of action, arguing that they are not parties to a contract with Plaintiff. A properly stated cause of action for breach of contract requires four elements: (1) a contract; (2) performance by the party seeking recovery; (3) breach of the contract by the other party; and (4) damages. *Bair v. Axiom Design, L.L.C.*, 20 P.3d 388, 392 (Utah 2001). Defendants argue that Plaintiff signed a written agreement with J&S Designer Flooring, Inc., and that no contract existed between Plaintiff and Defendant Mullican or Defendant Derr. However, Plaintiff argues that the purchase agreement between Plaintiff and J&S Designer Flooring expressly states that Plaintiff agreed to purchase Mullican Flooring. Plaintiff asserts that because J&S Designer Flooring contacted Defendant

Derr, who then ordered the flooring from Defendant Mullican, the agreement can be enforced against Defendant Mullican and Derr under a third-party beneficiary theory.

The Utah Supreme Court follows Section 302 of the Restatement (Second) of Contracts to determine whether a non-party to a contract is an intended beneficiary and entitled to enforceable rights. *Ron Case Roofing and Asphalt Paving, Inc. v. Blomquist*, 773 P.2d 1382, 1386 (Utah 1989). Section 302 provides:

> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if the recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
> a. The performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
> b. The circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.
> (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

*Id.* (quoting Restatement (Second) of Contracts, § 302).

The intention of the parties is to be determined from the terms of the contract as well as the surrounding facts and circumstances. *Id.* Also, the intent of the contracting parties to confer a separate and distinct benefit must be clear. *Id.*

The simple purchase order between Plaintiff and J&S Designer Flooring indicates that J&S agreed to supply a particular style of Mullican flooring, and Plaintiff agreed to pay J&S a particular sum of money. Such language does not amount to "recognizing a right to performance" in Defendant Mullican. The language merely identifies the type of flooring J&S agreed to supply. Performance by the Plaintiff and J&S does not satisfy an obligation to pay Defendant Mullican. Also, the purchase order does not indicate an intention by the parties to confer a separate and distinct benefit on Defendant Mullican. Defendant Mullican incidentally benefited from the sales agreement between Plaintiff and J&S, but has no enforceable rights under the contract. Therefore, Defendant Mullican is an incidental beneficiary, not an intended

beneficiary.  Similarly, there is no basis for finding Defendant Derr to be an intended third-party beneficiary under the purchase agreement between Plaintiff and J&S.  At most, Defendant Derr is also an incidental third-party beneficiary.

Even accepting all Plaintiff's factual allegations as true and drawing all reasonable inferences in favor of Plaintiff, the allegations are insufficient to justify a cause of action for breach of contract.  Therefore, Defendants' motion to dismiss Plaintiff's cause of action for breach of contract is granted.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings is GRANTED IN PART and DENIED IN PART as stated above.

DATED this 15th day of June, 2010.

BY THE COURT:

Dale A. Kimball,
United States District Judge