IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JACK SIMANTOB,<br><br>                Plaintiff,<br><br>v.<br><br>MULLICAN FLOORING, L.P., and DERR FLOORING COMPANY.,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:09-cv-379<br><br>Judge Clark Waddoups |

**INTRODUCTION**

This case involves delamination of hardwood flooring. Plaintiff Jack Simantob ("Plaintiff") purchased flooring for installation in a commercial business. Plaintiff operates this business on behalf of Paradise Trust (the "Trust"). He alleges he has suffered damages because the flooring started delaminating during installation. Plaintiff filed suit against the supplier Mullican Flooring, L.P ("Mullican") and the distributor Derr Flooring Company ("Derr"). The retailer, J&S Flooring, is not a party to the suit.

Before this court is Plaintiff's Motion for Leave to File an Amended Complaint. Plaintiff seeks to amend his Fifth Cause of Action to assert claims under the Utah Consumer Sales Protection Act and the Truth in Advertising Act. Plaintiff alleges that Mullican's website falsely advertised that the flooring Plaintiff purchased was manufactured in the United States, when it was actually manufactured in Indonesia and not subject to Mullican's quality control inspectors. Additionally,

Plaintiff seeks to add the Trust as a party and to modify his complaint so that Plaintiff is acting as a trustee, rather than individually.

In conjunction with this motion, Plaintiff submitted an excerpt of a proposed Second Amended Complaint. After reviewing these filings, the court DENIES Plaintiff's motion for the reasons discussed below.

## BACKGROUND

On March 16, 2009, Plaintiff brought this action against Mullican for allegedly manufacturing defective flooring. Notice of Removal (Apr. 29, 2009) [Dkt. No. 2, Ex. 2]. Mullican answered the Complaint on May 4, 2009 and denied it was the manufacturer. *See* Answer [Dkt. No. 8]. About this same time, Mullican filed a corporate disclosure that stated it was a subsidiary of B.A. Mullican Lumber and Manufacturing Company and other companies. Subsequently, Plaintiff's counsel searched and printed pages from Mullican's website on June 22, 2009, which discuss how Mullican cures its wood. Decl. of Elizabeth Knowlton, ¶ 6 [Dkt. No. 35, Ex. 3] (hereinafter "Knowlton Decl.").

Plaintiff then filed a motion to amend to add Mullican's parent companies as the manufacturer and Derr as the distributor. Plaintiff also sought to assert new claims, one of which asserted Defendants misrepresented the "standard, quality, grade, style, or model" of its product, contrary to the Utah Consumer Sales Practices Act, because the flooring delaminated in arid climates. *See* Utah Code Ann. § 13-11-4(2)(b). In response, Mullican's President filed a declaration stating that the parent companies were also not the manufacturer. Instead, the manufacturer of the flooring was an Indonesia company and Mullican had merely supplied the flooring to Derr. Decl. of Neil G. Poland, ¶¶ 8,10 (Oct. 22, 2009) [Dkt. No. 22].

This information should have been relevant to Plaintiff because the pages Plaintiff's counsel printed from Mullican's website not only discuss curing, but also imply that Mullican's flooring is manufactured and quality inspected in the United States. *See* Knowlton Decl., ¶ 6 [Dkt. No. 35, Ex. 3]. Plaintiff, however, did not modify his motion to amend to pursue these possible causes of action for false designation of origin and quality inspection. Consequently, when Plaintiff was granted leave to amend to assert additional claims, he did not include these other claims in his Amended Complaint. *See* First Amended Complaint (Jan. 19, 2010) [Dkt. No. 29]. Plaintiff filed his Amended Complaint on January 19, 2010.

Plaintiff subsequently mailed expert disclosures to Defendants on February 2, 2010. The disclosures included photographs of the Mullican Flooring wrapping showing a small label on the side of the packaging, which stated in small print: "Manufactured in Indonesia." Pl.'s Memo. in Supp. of Mot. to Amend, 3 (Aug. 23, 2011) [Dkt. No. 121]. The following day, Mullican moved for judgment on the pleadings. In opposing that motion, Plaintiff's counsel submitted a declaration on February 18, 2009, which acknowledged Mullican's assertion that the flooring was manufactured in Indonesia. *See* Knowlton Decl., ¶ 5 [Dkt. No. 35, Ex. 3]. Moreover, counsel attached the pages she had printed out on June 22, 2009 and included a new page printed out on February 9, 2009. All of them imply Mullican manufactured and quality inspected the flooring at issue in the United States. *See* Knowlton Decl., ¶ 6 & Ex. 3 [Dkt. No. 35]. Yet, Plaintiff still took no action to amend his complaint.

Finally, on November 19, 2010, Plaintiff again sought leave to amend, but did so under the Lanham Act.[1]  Second Mot. to Amend (Nov. 17, 2010) [Dkt. No. 79].  When Defendants opposed the motion due to lack of standing and prejudice, Plaintiff withdrew the motion to amend on December 9, 2010.  Withdrawal of Mot. (Dec. 9, 2010) [Dkt. No. 92].

Next, Defendants moved for summary judgment on all of Plaintiff's claims.  Defs.' Mot. for Sum. J., 2 (Jan. 31, 2011) [Dkt. No. 103].  The court heard oral argument on the motion on August 4, 2011.  When the court informed Plaintiff's counsel that it intended to grant Defendants' motion and dismiss all of Plaintiff's claims, she argued that Plaintiff should be allowed to amend his complaint because he had provided sufficient notice about his claims of false origin and quality inspection.  Hearing Tr., 54:22-57:8 (Aug. 4, 2011) [Dkt. No. 121, Ex. D].  Because Plaintiff had never affirmatively pled any facts to support these causes of action, the court disagreed that sufficient notice had been provided.  Accordingly, the court granted Defendants' summary judgment motion, but informed Plaintiff that he "may file a *motion* for leave to amend his complaint."  Order, 1 (Aug. 8, 2011) [Dkt. No. 118] (emphasis in original).  The court, however, expressly informed Plaintiff that it was making no determination regarding the timeliness of such a motion and that if the court determined that the motion lacked merit, Plaintiff would be responsible for the attorney fees incurred by Defendants in opposing the motion.  *See id.* at 2.

On August 23, 2011, Plaintiff proceeded to file a third motion for leave to amend his complaint.  This motion seeks to amend the First Amended Complaint by joining the Trust as the real party in interest and naming Plaintiff as the Trustee.  *See* Memo. in Supp. of Third Mot. to

---

[1] The Lanham Act creates a civil cause of action where "in commercial advertising" a person makes a false or misleading representation about the "nature, characteristics, qualities, or geographic origin of his . . . goods, services, or commercial activities."  15 U.S.C. § 1125(a)(1)(B) (2006).

Amend, 6 (Aug. 23, 2011) [Dkt. No. 121].  Plaintiff also seeks to amend his Consumer Sales Practices Act claim and to assert a claim under the Truth in Advertising Act.  Specifically, Plaintiff seeks to add the following paragraph to its Fifth Cause of Action:

> Defendants violated [the Consumer Sales Practices Act] and [the Truth in Advertising Act] by falsely advertising that the flooring sold plaintiff was manufactured in the United States, when it was in fact manufactured in Indonesia and not quality controlled, graded or inspected by Mullican's United States quality control inspectors.

Proposed Amendment to First Amended Complaint, ¶ 2 (Aug. 23, 2011) [Dkt. No. 131].

## DISCUSSION

### I. STANDARD TO AMEND A COMPLAINT

Except when a party is entitled to amend its pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. Rule 15(a)(2).  While "[t]he rule instructs courts to freely give leave when justice so requires," refusing leave is "justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotations and citation omitted).  "It is well settled in [the Tenth Circuit] that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay."  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted).  Additionally, because a defendant must have "fair notice of the claims against [him]" courts "must not 'permit plaintiffs to wait until the last minute to ascertain and refine those theories on which they intend to build their case.'"  *U.S. ex rel Told v. Interwest Constr. Co., Inc.*, 505 F.

Supp. 2d 1245, 1250 (D. Utah 2007) (quoting *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1091 (10th Cir. 1991))

## II.     PLAINTIFF'S PROPOSED AMENDMENTS ARE UNTIMELY AND PREJUDICIAL

This is Plaintiff's third attempt to amend his complaint. Plaintiff's motion is based on facts that Plaintiff knew or should have known no later than October 2009. Plaintiff received the flooring after purchasing it sometime between December 2008 and January 2009. *See* First Amended Complaint, 2–3 (Jan. 19, 2010) [Dkt. No. 29]. Upon receipt, the flooring was contained in wrapping that stated: "Manufactured in Indonesia." Moreover, Mullican's President informed Plaintiff in October 2009 that the flooring was manufactured in Indonesia. By this point, Plaintiff had already obtained pages from Mullican's website that imply its flooring was manufactured and quality tested in the United States.

Plaintiff knew and understood the import of these facts as is evidenced by his expert disclosures on February 2, 2010 and Ms. Knowlton's declaration on February 18, 2010. Nonetheless, Plaintiff never moved to amend under the Consumer Sales Practices Act and Truth in Advertising Act until August 2011. Plaintiff has offered no adequate explanation for this delay. Indeed, Plaintiff had the opportunity to include these claims when he first sought leave to amend. "[W]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them" in a proposed amended complaint, any subsequent "motion to amend is subject to denial." *Frank*, 3 F.3d at 1366 (quotations and citation omitted). The court, therefore, concludes that Plaintiff's motion is untimely.

Furthermore, allowing Plaintiff to amend now would prejudice Defendants. As stated above, a plaintiff is not permitted to wait until the last minute to refine his theories of a case. Plaintiff knew

or should have known the relevant facts no later than October 2009. Yet, Plaintiff waited almost two years to seek leave to assert these new causes of action. In the meantime, Defendants have been denied the opportunity to conduct discovery on these issues due to the lack of notice, and information has gone stale. Discovery would need to be reopened and further delay would ensue to the detriment of Defendants.

Plaintiff, nevertheless, asserts his amendment should be allowed for two reasons. First, Plaintiff claims that he previously notified Defendants of the new claims by "attach[ing] a copy of Mullican's February 9, 2010, website advertising manufacture inside the United States to his declaration of counsel in opposition to motion for judgment on the pleadings." Pl.'s Memo. in Supp. of Mot. to Amend, 12 (Aug. 23, 2011) [Dkt. No. 121]. Since Defendants subsequently removed the advertising statement from their website, Plaintiff contends that this was enough to put Defendants on notice of the amended claims. *Id.* Plaintiff ignores, however, the fact that this issue was already addressed at the August 4, 2011 hearing, where this court found that Plaintiff had failed to give adequate notice of the claims. Hearing Tr., 54:22–57:8 [Dkt. No. 121, Ex. D]. Accordingly, this proffered justification is without merit.

Second, Plaintiff attempts to justify his late amendments because "[d]efendants' delayed disclosure of their partnership relationship with the Indonesian manufacturer." Memo. in Supp. of Mot. to Amend, 13 [Dkt. No. 121]. While Plaintiff may not have had all the facts relating to the relationship between Mullican and the Indonesian manufacturer, those facts are not relevant here. Instead, the relevant facts are what Mullican represented on its website about the flooring compared with its disclosure about where the flooring was manufactured. Consequently, this proffered justification is also unpersuasive.

Finally, contrary to Plaintiff's assertion that "[d]elay alone is an insufficient ground to deny leave to amend,"[2] Tenth Circuit case law clearly recognizes "that untimeliness alone is a sufficient reason to deny leave to amend." *Franks*, 3 F.3d at 1365. While the court views motions to amend liberally, the court will not countenance repeated procedural failings and lack of notice when doing so causes prejudice to an opposing party. Because Plaintiff's motion is untimely and would result in undue prejudice to Defendants if granted, the court DENIES Plaintiff's motion to add new causes of action to his complaint.

## III.  ALLEGING PLAINTIFF'S CAPACITY AS TRUSTEE OF THE TRUST WOULD BE FUTILE.

As previously discussed, the First Amended Complaint failed to include the Trust as a party or to name Plaintiff in his capacity as a trustee of the Trust. Instead, it stated that Plaintiff was suing in his individual capacity. This raised an issue of standing. While it normally would be appropriate to allow Plaintiff to amend his complaint to correct this error, it is inappropriate to do so in this case because the second amended complaint would still be subject to dismissal for the two reasons stated above. Because this proposed amendment is futile, the court likewise DENIES Plaintiff's motion to add a new party and to name Plaintiff in his capacity as Trustee of the Trust.

## IV.  ATTORNEY FEES

The court warned Plaintiff that if he sought leave to amend and that motion lacked merit, Plaintiff would be required to pay Defendants' attorney fees. Plaintiff's proposed amendments have merit. The motion, however, was denied due to untimeliness and undue prejudice. Because the motion was not denied based on the merits, the court declines to award attorney fees.

---

[2] Pl.'s Memo. in Supp. of Mot. to Amend, 11 (Aug. 23, 2011) [Dkt. No. 121].

**CONCLUSION**

Plaintiff unduly delayed his proposed amendments, despite knowing the facts upon which his proposed amendments were based for approximately two years.  Allowing amendment at this stage would be unduly prejudicial to Defendants.  In addition, it would be futile to allow Plaintiff to assert his capacity as trustee of the Trust and to add the Trust as a party because the complaint would still be subject to dismissal for the reasons stated above.  The court hereby DENIES Plaintiff's motion to amend.[3]

This case is now closed.  Each party shall bear his or its own costs.

DATED this 27th day of April, 2012.

BY THE COURT:

_____
Clark Waddoups
United States District Judge

---

[3] Dkt No. 120.